UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE LAMAR WILBURN, | No. 2:15-cv-00699-TLN-GGH |
| Plaintiff, | |
| v. | ORDER |
| GARREN BRACHER, et al., | |
| Defendants. | |

This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently pending before the court are the following motions: (1) plaintiff's motion for leave to amend; (2) plaintiff's motion to remand; (3) plaintiff's motion to proceed in forma pauperis; (4) plaintiff's motion to strike defendants' motions to dismiss; (5) defendants City of Sacramento, erroneously sued as Sacramento Police Department, Samuel D. Somers, Jr., George Chargin, erroneously sued as G. Chargin, Jose Yepes, erroneously sued as J. Yepes, Sameer Sood, erroneously sued as S. Sood, Bobby Daniels, Jeremy Ratcliffe, erroneously sued as J. Ratcliffe, and Kevin Patton, erroneously sued as K. Patton's (collectively "the City Defendants") motion to dismiss; (6) the City Defendants' application to amend their notice of removal; (7) defendants County of Sacramento, Sacramento County Sheriffs Department, Sheriff Scott Jones, Sacramento County District Attorneys Office, Sacramento County Public Defenders Office, Deputy District Attorney Laura West, Deputy Public Defender Teresa Huang, Deputy Public Defender Larry Yee, and

1

1   Deputy Hester's (collectively "the County Defendants") motion to dismiss; (8) defendant Helena
2   Gweon's motion to dismiss; and (9) defendant Garren Bratcher's motion to dismiss.
3       For the reasons discussed below, the court will (1) deny plaintiff's motion for leave to
4   amend; (2) deny plaintiff's motion to strike defendants' motions to dismiss; (3) deny plaintiff's
5   motion for leave to proceed in forma pauperis; (4) grant the City Defendants' application to
6   amend their notice of removal; and (5) order defendants to file oppositions or notices of non-
7   opposition to plaintiff's motion to remand.  The court will refrain from ruling on defendants'
8   motions to dismiss until plaintiff's motion to remand is disposed of, as a granting of that motion
9   would make defendants' motions moot.

Deputy Hester's (collectively "the County Defendants") motion to dismiss; (8) defendant Helena Gweon's motion to dismiss; and (9) defendant Garren Bratcher's motion to dismiss.

For the reasons discussed below, the court will (1) deny plaintiff's motion for leave to amend; (2) deny plaintiff's motion to strike defendants' motions to dismiss; (3) deny plaintiff's motion for leave to proceed in forma pauperis; (4) grant the City Defendants' application to amend their notice of removal; and (5) order defendants to file oppositions or notices of non-opposition to plaintiff's motion to remand. The court will refrain from ruling on defendants' motions to dismiss until plaintiff's motion to remand is disposed of, as a granting of that motion would make defendants' motions moot.

## PROCEDURAL HISTORY

Plaintiff filed his complaint in Sacramento Superior Court on February 20, 2015, asserting claims for (1) violation of 42 U.S.C. §§ 1981, 1983; (2) violation of 42 U.S.C. § 1985(3); (3) neglect to prevent deprivation of civil rights under 42 U.S.C. § 1986; (4) false arrest and false imprisonment under California Government Code § 820.4; (5) malicious prosecution and abuse of process; (6) denial of civil rights and discrimination under California Civil Code §§ 51, 51.5, 51.7, and 52; (7) failure to discharge mandatory duty under California Government Code § 815.6; (8) negligence under California Government Code § 815.2; (9) assault and battery; (10) conspiracy; (11) intentional or reckless infliction of emotional distress; (12) negligent infliction of emotional distress; and (13) improper use of internet website under California Penal Code § 290.4. ECF No. 1-1 at 4, 32–42. Plaintiff asserts each and every claim against each and every defendant. Id. at 32–42.

On March 27, 2015, the City Defendants removed the action to this court based on the existence of a federal question and paid the filing fee. ECF No. 1. On April 3, 2015, the City Defendants filed a motion to dismiss plaintiff's claims, arguing that plaintiff fails to allege facts sufficient to support a claim pursuant to Rule 12(b)(6). ECF No. 5. On April 20, 2015, plaintiff filed a motion to remand that was not properly noticed for hearing in front of the undersigned and a motion to proceed in forma pauperis. ECF Nos. 6, 7. On April 23, 2015, the County Defendants filed a notice of consent to removal along with a motion to dismiss plaintiff's claims

2

arguing that (1) plaintiff fails to allege facts sufficient to state a federal claim; (2) plaintiff's state law claims fail because his complaint does not allege compliance with the California Tort Claims Act ("Claims Act"); and (3) plaintiff's claims against defendant West are barred by prosecutorial and statutory immunity. ECF No. 9. On the same day, the City Defendants filed an opposition to plaintiff's motion to remand along with an application to amend their notice of removal requesting to incorporate (1) a consent to removal signed by the County Defendants and defendant Bratcher and (2) proofs of service for every defendant except defendant Gweon, who had yet to be served. ECF Nos. 11, 12.

On April 27, 2015, defendant Bratcher filed his notice of consent to removal. ECF No. 13. On April 30, 2015, defendant Bratcher also filed a motion to dismiss plaintiff's claims, arguing that plaintiff fails to allege facts sufficient to state a claim. ECF No. 15. Defendant Bratcher's motion also requests that the court strike every one of plaintiff's claims pursuant to California's anti-SLAPP statute, Cal. Code of Civ. P. § 425.16.[1] Id. Finally, defendant Bratcher requested in support of his motion to dismiss that the court take judicial notice of plaintiff's state court complaint and the City Defendants' notice of removal. ECF No. 16. On May 8, 2015, plaintiff filed another motion to remand as well as an opposition to the City Defendants' motion to dismiss. ECF Nos. 17, 18. On May 13, 2015, defendant Gweon filed a motion to dismiss plaintiff's claims arguing that (1) they are barred by the doctrine of judicial immunity; (2) plaintiff fails to allege facts sufficient to state a federal claim; and (3) plaintiff's state law claims fail because his complaint does not allege compliance with the Claims Act. ECF Nos. 20, 21. Defendant Gweon also filed a request in support of her motion to dismiss for judicial notice of plaintiff's state court complaint. ECF No. 22. On May 22, 2015, the City Defendants and the County Defendants both filed replies to plaintiff's opposition to their motions to dismiss. ECF Nos. 25, 26.

On May 27, 2015, the court vacated the hearing set for the City Defendants' and the County Defendants' motions to dismiss and submitted the motions on the record. ECF No. 27.

---

[1] Defendant Bratcher frames his motion to strike pursuant to California's anti-SLAPP statute as a part of his motion to dismiss. They are, in fact, separate motions subject to different standards.

1   On June 4, 2015, plaintiff filed his final motion to remand noticed for hearing on August 6, 2015.
2   ECF No. 28.  On June 8, 2015, plaintiff filed an opposition to defendant Bratcher's motion to
3   dismiss.  ECF No. 31.  On June 10, 2015, the court vacated the hearings set for defendant
4   Bratcher's motion to dismiss, defendant Gweon's motion to dismiss, and plaintiff's motion to
5   remand and ordered these motions to be taken under submission once the time for filing
6   oppositions and replies passed.  ECF No. 32.  On June 11, 2015, defendant Bratcher filed a reply
7   to plaintiff's opposition.  ECF No. 33.

8        On July 8 2015, plaintiff filed a motion for leave to amend his complaint as well as a
9   motion to strike defendants' motions to dismiss.  ECF Nos. 34, 35.  On the same day, plaintiff
10  filed an opposition to defendant Gweon's motion to dismiss.  ECF No. 36.  On July 30, 2015,
11  defendant Gweon filed a reply to plaintiff's opposition.  ECF No. 38.  On August 17, 2015, the
12  City Defendants filed an opposition to plaintiff's motion for leave to amend.  ECF No. 40. The
13  County Defendants then filed their own opposition to plaintiff's motion for leave to amend on
14  August 19, 2015, ECF No. 41, followed by an opposition to plaintiff's motion to strike the next
15  day, ECF No. 42.  On August 20, 2015, defendant Bratcher filed oppositions to both plaintiff's
16  motion for leave to amend, ECF No. 43, and plaintiff's motion to strike, ECF No. 44.  In support
17  of his opposition to plaintiff's motion for leave to amend defendant Bratcher requests that the
18  court take judicial notice of (1) plaintiff's state court complaint; (2) the City Defendants' notice of
19  removal; (3) plaintiff's motion to remand; (4) defendant Bratcher's motion to dismiss; and (5)
20  plaintiff's motion for leave to amend.  ECF No. 43-1.  Defendant Bratcher also requests that the
21  court take judicial notice of the same documents, along with plaintiff's opposition to his motion
22  to dismiss, in support of his opposition to plaintiff's motion to strike.  ECF No. 46.  The City
23  Defendants also filed their own opposition to plaintiff's motion to strike on the same day.  ECF
24  No. 45.  Finally, defendant Gweon also filed oppositions to plaintiff's motion for leave to amend
25  and motion to strike on August 20, 2015.  ECF Nos. 47, 48.  On August 28, 2015, the court
26  vacated the hearings set for plaintiff's motion for leave to amend and motion to strike and
27  submitted them on the papers.  ECF No. 49.
28  ///

FACTUAL BACKGROUND

Plaintiff was convicted of assault with intent to rape, Cal. Penal Code § 220, in Sacramento Superior Court on December 5, 2002. ECF No. 1-1 at 11. Accordingly, pursuant to California Penal Code § 290, plaintiff was required to register as a sex offender upon his release from prison. Id. Plaintiff was released on May 7, 2004, on parole, and discharged from parole on May 7, 2007. Id. By 2013 plaintiff was homeless, and pursuant to California Penal Code § 290.011 was required to check in with the Sexual Assault Felony Enforcement (SAFE) Task Force every thirty days. Id.

Plaintiff alleges his bicycle was stolen on January 20, 2014, but that he then found it in a walkway between a bookstore and Loaves and Fishes Friendship Park ("Friendship Park") shortly thereafter. Id. at 12. Plaintiff took his frame to Friendship Park but was told by an unnamed individual that he could not keep his bike there. Id. Plaintiff got into an argument with this individual, and was ultimately banned from the park by defendant Bratcher. Id. On February 20, 2014, defendant Officer Sood arrested plaintiff for failure to abide by California Penal Code § 290.011's 30-day check in requirement. Id. at 13. Although plaintiff's complaint is somewhat unclear on this point, he seems to allege that defendant Bratcher called the police to report him for violating § 290.011. See id. at 16–17. Plaintiff also alleges that *someone* must have told defendant Bratcher he violated § 290.011's 30-day check in requirement, and that doing so was a violation of California Penal Code § 290.4.[2] Id. at 17.

Plaintiff claims that during his trial a number of individuals, including someone who goes unnamed and his public defender (defendant Huang) "colluded" with the prosecution (defendant West) to mislead the presiding judge (defendant Gweon). Id. at 13–14. Plaintiff also claims that defendant Huang, West, and Gweon colluded in order to wrongly convict him for violation of California Penal Code § 290.18. Id. at 14.

On May 9, 2014, defendant Huang visited plaintiff at the Rio Consumes Correction Center with defendant Yee, to explain to plaintiff that defendant Yee would be representing him from

---

[2] Plaintiff does not explain how reporting him for a violation of § 290.011 might itself constitute a violation of § 290.4.

1  then on. Id. At plaintiff's bail reduction hearing on May 21, 2014, defendant Yee stated that
2  plaintiff was continuing to trial "as an 'act of civil disobedience.'" Id. at 15. Upon hearing this,
3  plaintiff "asked immediately for a Marsden hearing.³ Id. "Defendant Gweon denied []
4  [p]laintiff's Marsden [m]otion" the next day. Id. On May 23, 2014; however, plaintiff "fired"
5  defendant Yee and proceeded to represent himself. Id. Eventually, on July 23, 2014, the State
6  dismissed all charges against plaintiff and released him because he had, by that point, been
7  detained for an amount of time equivalent to any sentence he could receive. Id. at 16.

DISCUSSION

I.   Motion for Leave to Amend

The court will deny plaintiff's motion for leave to amend because (1) amendment using plaintiff's proposed amended complaint, which suffers from the same defects as his original complaint, would be futile; (2) plaintiff unduly delayed in bringing his motion; and (3) granting plaintiff's motion would prejudice defendants at this stage of the proceedings. Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." See Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). However, a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. Id. at 758; Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). Plaintiff's proposed amended complaint repeats many of the allegations in his original complaint and in the same conclusory terms. The arguments asserted by defendants in their motions to dismiss apply as effectively to plaintiff's proposed amended complaint as they do to his original complaint. Accordingly, granting plaintiff leave to amend his complaint with the proposed amended complaint would be futile.

What's more, plaintiff filed his motion for leave to amend almost two months after the most recently filed motion to dismiss, and more than three months after the City Defendants

---

³ In California, a motion by a litigant requesting the court to appoint them substitute counsel is called a "Marsden motion." Schell v. Witek, 218 F.3d 1017, 1021 (9th Cir. 2000) (citing People v. Marsden, 2 Cal. 3d 118 (1970)). "Normally, the essence of such a motion is that appointed counsel's representation has in some significant measure fallen below the level required by the Sixth Amendment." Id.

removed this matter. Plaintiff's motion does not give any reason for this delay. Finally, granting plaintiff leave to replace his complaint with his proposed amended complaint would prejudice defendants by further delaying the disposition of their motions to dismiss. Because the arguments asserted by defendants in their motions apply equally to plaintiff's proposed amended complaint, such a delay would be pointless. Accordingly, the court will deny plaintiff's motion for leave to amend because (1) leave to amend would be futile; (2) plaintiff unduly delayed in seeking leave to amend; and (3) leave to amend would prejudice defendants.

II.   Plaintiff's Motion to Proceed in Forma Pauperis

The court will deny plaintiff's motion to proceed in forma pauperis because this action has been removed and plaintiff is therefore not responsible for the court's filing fees. 28 U.S.C. § 1915 permits the court to authorize the commencement of any action without prepayment of fees by a person who submits an affidavit showing that they are unable to pay such fees. However, when an action is removed from state court, it is the removing defendants who are responsible for paying the filing fees. 28 U.S.C. § 1914. The City of Sacramento paid the court's filing fee on March 27, 2015. Accordingly, the court will deny plaintiff's motion because the City of Sacramento has paid the court's filing fee and plaintiff has not shown any reason why in forma pauperis status should be granted.

III.   Plaintiff's Motion to Strike Defendants' Motions to Dismiss

The court will also deny plaintiff's motion to strike defendants' motions to dismiss. Plaintiff's motion seems, primarily, to be an opposition to defendants' motions to dismiss. Plaintiff does; however, also argue that defendants' motions to dismiss should be stricken because (1) defendants lack standing to file motions to dismiss; and (2) defendants motions to dismiss do not include sworn declarations or other evidence. ECF No. 35 at 6. These arguments are simply without merit. Defendants are not required to submit sworn affidavits with their motions to dismiss, and plaintiff does not raise any plausible basis for questioning their standing to challenge claims asserted against them. Accordingly, the court will deny plaintiff's motion.

///

///

IV.   Motion to Remand

    A.   Legal Background

A district court may remand to state court a case that has been removed to the district court if at any time it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts construe removal statutes strictly to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Removal is generally proper when the district courts have original jurisdiction over the action. See 28 U.S.C. § 1441; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint, Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists, Oklahoma Tax Comm'n. v. Graham, 489 U.S. 838, 840–41 (1989) (per curiam).

Procedures for removal are prescribed by 28 U.S.C. § 1446. If a defendant or defendants desire to remove a civil action from state court to federal court, they must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Subdivision (b) of § 1446 specifies the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). When there is more than one defendant in the action, "[a]ll defendants who have been properly . . . served in the action must join a petition for removal." Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011) (internal quotation marks omitted). This is commonly referred to as the unanimity requirement. Defendants may also meet the unanimity requirement by amending the notice of removal within thirty (30) days of its filing. See, e.g., Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1050, 1052 (N.D. Cal. 2009) aff'd sub nom. Hafiz v. Greenpoint Mortgage Funding, 409 F. App'x 70 (9th Cir. 2010) ("Barring these exceptions, all defendants must either join or provide within thirty

days consent to the removal notice.").

Failure to comply with the thirty-day time limitation or the unanimity requirement renders the removal procedurally defective. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Procedural defects in removal; however, are not jurisdictional. Rather, such defects are modal or formal and may be waived. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980); Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 562 (C.D. Cal. 1988).

B.  Analysis

The court will neither grant nor deny plaintiff's motion to remand. Instead, the court will order defendants to file oppositions or notices of non-opposition to plaintiff's motion to remand within fourteen (14) days from the service of this order. Plaintiff seeks remand on two grounds (1) plaintiff's complaint does not contain a federal question, and (2) defendants the County of Sacramento, Bratcher, and Gweon all failed to join the City Defendants' notice of removal. First, plaintiff's assertion that his complaint does not include a federal question is simply incorrect. Plaintiff's complaint asserts federal claims against defendants for violation of 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. Accordingly, the court has subject matter jurisdiction over plaintiff's complaint based on the existence of a federal question.

Plaintiff's argument based on the procedural requirements of removal merits more consideration. The City Defendants original notice of removal did not include consents from any other defendants. Accordingly, removal of this matter was originally procedurally defective. However, 27 days after the City Defendants filed their notice of removal, they filed an application to amend the notice that included signed consents from every defendant except for defendant Gweon. ECF No. 12. Because this correction was filed within thirty (30) days of the City Defendants' filing of their original notice of removal, there is no question the procedural defect as to every defendant but defendant Gweon was cured.

The City Defendants, in their amended notice, explain that they did not include a consent from defendant Gweon because she had not yet, to their knowledge, been properly served. ECF

1    No. 12-1 at 3. The City Defendants' opposition to plaintiff's motion makes the same argument.[4]

2    ECF No. 11. Since the City Defendants' filing of their opposition; however, defendant Gweon

3    has appeared in this action and a consent to removal still has yet to be filed. ECF No. 20. The

4    failure to file a consent at this stage amounts to a procedural error necessitating remand unless

5    defendants can establish defendant Gweon was not properly served. See Destfino, 630 F.3d at

6    957 ("Because service on the Kim defendants was defective, their joinder in the petition wasn't

7    required."); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption

8    against removal jurisdiction means that the defendant always has the burden of establishing that

9    removal is proper." (internal quotations omitted)). The court finds that the City Defendants'

10   opposition does not establish removal was procedurally proper because it does not sufficiently

11   explain defendant Gweon's failure to consent to removal at this stage of the proceedings.

12   However, none of the defendants other than the City Defendants have filed oppositions to

13   plaintiff's motion to remand, and the court takes some responsibility for that. The court's June

14   10, 2015, order taking plaintiff's motion to remand under submission did not give dates certain by

15   when defendants were required to file oppositions. ECF No. 32. In the midst of the many

16   pending motions and in the absence of any certain deadline, it is understandable that defendants

17   may have inadvertently neglected to file oppositions. The court finds that the filing of

18   oppositions by defendants may shed some much needed light on when, if ever, defendant Gweon

19   was properly served and accordingly whether removal was procedurally defective. Accordingly,

20   the court will order defendants to file oppositions to plaintiff's motion to remand within fourteen

21   (14) days of the service of this order.

22   ///

---

[4] The City Defendants' opposition also argues that defendant Gweon's failure to consent to removal should not bar removal because she is judicially immune from liability. ECF No. 11 at 5. The fact that defendant Gweon may be immune from liability does not mean her consent is not required, however. Unless defendants can establish that defendant Gweon is a nominal defendant, her consent is required to remove this matter. See S.E.C. v. Colello, 139 F.3d 674, 676 (9th Cir. 1998) ("A nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." (internal quotation marks omitted)).

CONCLUSION

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's motion for leave to amend, ECF No. 34, is DENIED;

2. Plaintiff's motion to strike defendants' motions to dismiss, ECF No. 35, is DENIED;

3. Plaintiff's motion to proceed in forma pauperis, ECF No. 7, is DENIED;

4. The City Defendants' application to amend their notice of removal, ECF No. 12, is GRANTED; and

5. Defendants must file oppositions to plaintiff's motion to remand, ECF No. 6, within fourteen (14) days of the service of this order.  Defendants may file their oppositions separately, or they may join in a single opposition as long as it is signed by counsel for each defendant.  Plaintiff must file any reply within fourteen (14) days of the service of the last defendant's opposition.

Dated: October 19, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/wilb699.opp'n